FITCH v. ELLISON.

1. ATTORNEY — INTOXICATION OF.— Where a party discovers at the trial that the attorney conducting the case for him is intoxicated, he should promptly call the attention of the trial judge to such fact.

2. DELAY IN PRESENTING THE MATTER MAY BE CONSIDERED.— If with notice of the condition of his attorney he elects to take the chance of securing a favorable verdict, and the jury decides against him, in considering an application for a new trial based solely upon the alleged incapacity of the attorney, on account of his intoxication, to fully present his case, his application will be prejudiced by such conduct.

3. TRIAL JUDGE — DISCRETION OF.— The fact that the trial court, with opportunities of judging of the extent of the alleged incompetency of the attorney, which the appellate court has not, overruled the motion for a new trial, must also be given weight upon appeal.

*Appeal from District Court of Douglas County.*

APPELLANT commenced suit in the court below to recover the sum of $56.93 alleged to be due upon an account with appellee.

Appellee in his answer denied the indebtedness, and, by way of counter-claim, alleged that there was due him upon such account the sum of $125.25. A jury trial resulted in a verdict for appellee in the sum of $120. Motion for new trial having been interposed and overruled, judgment was rendered upon the verdict.

Messrs. W. T. ROGERS and D. C. WEBBER, for appellant.

Mr. WM. DILLON, for appellee.

MR. JUSTICE HAYT delivered the opinion of the court.

The judgment appears to be in accordance with the evidence introduced; but appellant, in support of his motion for a new trial, filed an affidavit in which he stated that he was prevented by his attorney from introducing competent evidence that was at his command, and which would have

been sufficient to have changed the result, and that such action on the part of his attorney arose out of said attorney's incapacity, on account of drunkenness, to properly conduct the trial.

It does not appear, however, that appellant made any objection to the attorney acting for him until after the trial was concluded, and a verdict returned against him. Then for the first time, upon a motion for a new trial, the complaint was made that the verdict resulted from the drunken condition of his attorney, and that he was thereby prevented from introducing evidence that would have secured a favorable verdict.

The only affidavit filed in support of the motion for a new trial is that of appellant himself. In the beginning of this affidavit appellant states " that he was in his store attending to his business when this cause was called for trial, and that when he came into the court-room to attend to his said cause and the trial thereof, he was surprised to find and discover, after the trial of his cause had commenced, that his attorney, J. W. Farrell, was in a state of intoxication, and wholly unable and incompetent to attend to the rights of his complaint." Further on in the affidavit we find the following statement: " And plaintiff did not know of the injustice being done him by his said attorney, or of his intoxication, until after the trial of his cause had begun, and after the conclusion thereof."

Appellant's indifference or negligence in regard to the trial of the case is apparent from the fact that he was notified upon the previous day that the case would be called for trial at 10 o'clock the next morning, and yet he was not present at the time fixed, and upon being sent for was found attending to other matters. In the exercise of reasonable prudence a plaintiff who, as in this case, relies solely upon his own evidence to support his cause of action should be promptly on hand at the hour set for the trial of his cause.

Again, the time at which appellant wishes to be under-

stood as first becoming aware of the condition of his attorney is left somewhat in doubt by the affidavit. If he became aware of this condition in the beginning of the trial, appellant should have then called attention to the matter. Had this been done, without doubt the court would have extended relief if the facts justified its interposition. The fact that plaintiff waited until a verdict was returned against him before doing so does not commend his application for relief to the favorable consideration of this court. On the contrary, if he desires to be understood as saying that he was not aware of the intoxicated condition of his attorney until the trial was concluded and an unfavorable verdict reached, this would indicate that the attorney's condition was not as bad as now represented, otherwise it would have been discovered sooner.

The fact that the trial court with opportunities of judging of the extent of the alleged incompetency of appellant's attorney, which this court has not, overruled the motion for a new trial, must not be overlooked. In cases of this kind much must be left to the discretion of the judge presiding at the trial, and we are not prepared to say that the court showed such a gross abuse of discretion in this instance as calls for interference by this court on appeal.

In order that our position may not be misunderstood we will say that courts should not permit the rights of litigants to be jeopardized by an attorney who so far forgets the obligations which he owes to the bench, to his profession and to his client, as to appear in the trial of a cause in a condition of intoxication. The trial ought not to be allowed to proceed under such circumstances without giving the unfortunate litigant an opportunity to employ other counsel who should have an opportunity of advising themselves in reference to the case before being required to proceed, and the summary power of the court to punish the offending attorney as for contempt of court ought also to be exercised.

While this is true, we are not prepared to say, under the circumstances as presented by this record, that this court should interfere with the judgment of the court below. It will therefore be affirmed.

*Affirmed.*